UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacob Jon Bergh,                                              Civil No. 15-45 (PJS/FLN)

                Petitioner,

      v.                                                     **REPORT AND**
                                                               **RECOMMENDATION**

Mona Ross et al.,

                Respondents.

_____

Daniel Koewler for Petitioner
Joseph Kelly, Matthew Frank, and James Early for Respondents Ross, Alshouse, and Swanson.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Respondent Mona Ross's motion to dismiss (ECF No. 12) and Respondents Diane Alshouse and

Lori Swanson's motion to dismiss (ECF No. 25). The matter was referred to the undersigned for

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set

forth below, the Court recommends that both motions be **GRANTED**.

## I. FINDINGS OF FACT

The undersigned accepts the facts of this case as stated by the Minnesota Court of Appeals:

On September 9, 2012, a police officer stopped [Petitioner] Jacob Bergh in
Shoreview for driving 60 miles per hour in a 40-mile-per-hour zone. The officer
"smelled an odor of alcoholic beverage" when he approached the car and saw that
Bergh's eyes were "bloodshot and watery." The officer asked Bergh if he had been
drinking, and Bergh admitted that he had. The officer requested Bergh to perform
field sobriety tests, and Bergh "did not do well on the heel-to-toe test," "swayed,"
and "was not able to keep his balance on the one-leg-stand test without dropping his
foot." Bergh took a preliminary breath test, revealing an alcohol concentration of
.113.

The police officer arrested Bergh for driving while impaired. The officer read Bergh
the implied-consent advisory; Bergh declined to speak to an attorney and submitted
to a breath test. The breath test revealed that Bergh had an alcohol concentration of

.12. The officer cited Bergh for fourth-degree driving while impaired and operating a motor vehicle with an alcohol concentration of .08 or more. *See* Minn. Stat. § 169A.20, subd. 1(1), (5), .27 (2012).

In October 2012, Bergh moved the district court to suppress evidence of the breath test and to dismiss the case. Bergh filed a supplemental motion in July 2013, challenging the admissibility of his breath test under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). Before *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014), and *Stevens v. Comm'r of Pub. Safety*, ___ N.W.2d ___ (Minn. App. July 14, 2014), were issued, and without holding a hearing, the district court denied his motion as a matter of law. The district court ruled that Minnesota's implied-consent procedures are constitutional under *Missouri v. McNeely* and do not illegally coerce drivers suspected of drunk driving to consent to chemical testing. The district court also stated in its order, "Consent is not the basis of the search, and the search meets the reasonableness of the Fourth Amendment."

In July 2013, under Minnesota Rule of Criminal Procedure 26.01, subdivision 4, the parties agreed to stipulate to the prosecution's case based on the police reports concerning the charge of operating a motor vehicle with an alcohol concentration of .08 or more. The state dismissed the charge of driving while impaired. Based on the facts in the police reports, the district court convicted Bergh of operating a motor vehicle with an alcohol concentration of .08 or more and sentenced Bergh to two years' probation, a stayed jail sentence of 90 days with credit for one day served, and a $200 fine plus fees and surcharges.

*State v. Bergh*, No. A13-1550 (Minn. Ct. App. July 29, 2014), Koewler Decl. Ex. 2, ECF No. 19.

Petitioner appealed the district court's denial of his suppression motion to the Minnesota Court of Appeals. In his appeal, Petitioner argued that the district court erred because the state did not present any evidence to show that an exception to the warrant requirement was met and because his consent to the breath test was coerced. *Id.* ¶ 5. The court of appeals affirmed the district court's decision, stating that "the Minnesota Supreme Court has held that 'a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test,' and this court has held that the implied-consent statute is reasonable in light of the state's interest in promoting safety on public roads." *Id.* ¶ 6 (citing *State v. Brooks*, 838 N.W.2d 563, 570 (Minn. 2013); *Stevens v. Comm'r of Pub. Safety*, 850 N.W.2d 717 (Minn. Ct. App. 2014)).

The Minnesota Supreme Court declined to review the decision of the court of appeals. ECF No. 19, Ex. 3.

In the instant action, Petitioner raises one issue in support of his petition for habeas relief. Specifically, Petitioner claims that "the warrantless search and seizure of Petitioner's breath violated his constitutional rights against unreasonable search and seizure under the Fourth Amendment." Pet. 5, ECF No. 1. Respondents Mona Ross, Diane Alshouse, and Lori Swanson now move to dismiss the petition. ECF Nos. 12 and 25. Ross claims that Bergh's petition should be dismissed because his claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and because she is not a proper party to this petition. *See generally* Mem. in Supp. of Mot. to Dismiss, ECF No. 15. Alshouse and Swanson move to dismiss the petition on similar grounds. *See generally* Mem. in Supp. of Mot. to Dismiss, ECF No. 26. Petitioner opposes Ross's motion, claiming that *Stone* is not dispositive of his claim. *See* Mem. in Opp'n, ECF No. 21. Petitioner, however, did not file any documents in response to Alshouse and Swanson's motion.

## II. CONCLUSIONS OF LAW

### A.      Petitioner's claim is barred by *Stone v. Powell*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of habeas corpus claims raised by state prisoners. A district court may entertain a habeas petition submitted by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim—

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

However, the Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481–82 (1976). "[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994).

As recognized by the Eighth Circuit, "[a]pplication of the first part of the test is simple enough—either the state has a system available for raising Fourth Amendment claims or it does not (and we are unaware of any state that does not)." *Id.* at 1272. Additionally, the determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' application of Fourth Amendment law. *Id.* To the contrary, federal courts "are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Id.* at 1273 (emphasis in original). Indeed, "[a] determination of whether there has been a breakdown in the state's procedures does not require a probing review of the state court record, either of the factual findings pertaining

4

to the petitioner's search-and-seizure claims or of the application of Fourth Amendment principles to those facts." *Id.* at 1272. "[A] mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007).

The Court finds that the rule of *Stone v. Powell* is clearly applicable to Petitioner's Fourth Amendment claim. The Eighth Circuit has previously determined that Minnesota law provides adequate opportunities for Minnesota state criminal defendants to raise Fourth Amendment challenges. *See Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995). Therefore, the only question the Court must decide is whether there was an "unconscionable breakdown" in the system.

In this case, the record shows that Petitioner had ample opportunities to present his Fourth Amendment claim in his state court proceedings. The trial court considered Petitioner's motion to suppress based on an illegal search and seizure and denied his motion. That ruling was later upheld by the Minnesota Court of Appeals. The appellate court carefully evaluated Petitioner's Fourth Amendment claim, and fully explained why that claim was rejected on the merits. *See Bergh*, No. A13-1550 (Minn. Ct. App. July 29, 2014). Accordingly, Petitioner not only had an opportunity to present his Fourth Amendment claims in the state courts, his claim was actually raised, considered, discussed, and adjudicated on the merits.

Petitioner argues that the fact he was denied an evidentiary hearing on his motion to suppress shows he was not given a full and fair opportunity to present his Fourth Amendment claim to the state courts. *See generally* ECF No. 18. Petitioner's argument fails for three reasons. First, as recognized by *Brooks v. Reiser*, No. 14-3007, 2015 WL 321456, at *15 (D. Minn. Jan. 23, 2015), Petitioner's argument is contrary to *Stone*. "[D]etermining whether the state court 'carefully and

5

thoroughly analyzed the facts' and then 'applied the proper constitutional law' would require the very review of the state court record that the *Stone* rule is intended to circumvent." *Willett*, 37 F.3d at 1271; *see also Brooks*, 2015 WL 321456 (finding that the petitioner's Fourth Amendment claims based on Minnesota's implied consent jurisprudence were *Stone*-barred).

Second, there is nothing in the record that suggests Petitioner was prevented from raising the denial of an evidentiary hearing on appeal with either the Minnesota Court of Appeals or the Minnesota Supreme Court. Indeed, it appears that he did in fact include this issue in his argument to the Minnesota Court of Appeals. ECF No. 18 at 8. The fact that the court of appeals did not grant him relief on this ground does not mean that there was an "unconscionable breakdown in the system." *See Chavez*, 497 F.3d at 802 ("[A] mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process."). Petitioner did not, however, raise this issue in his petition for review by the Minnesota Supreme Court. *See* ECF No. 19 Ex. 8. Instead, his argument rested on his belief that the court of appeals incorrectly applied the law to his case. *See id.* "[A] petitioner's 'opportunity' for full and fair litigation should not depend upon whether he has taken advantage of the process available—that is, whether he has 'clearly informed' the state court of the facts supporting his claim and 'has argued' that his constitutional rights have been violated." *Willett*, 37 F.3d at 1271.

Finally, Petitioner's motion was based purely on a matter of legal interpretation; namely, whether the Supreme Court's ruling in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), which held that the natural dissipation of alcohol in the blood was not a *per se* exigency that justified conducting a blood test without a warrant, should serve as a basis for suppression of his breath test. *See* ECF No. 19 Ex. 5. Additionally, although Petitioner argues that he was not able to present evidence of his

alleged "coerced consent" to the district court prior to the denial of his suppression motion, a reading

of the district court's order reveals that "consent was not the basis of the search and the search meets

the reasonableness requirement of the Fourth Amendment." ECF No. 19 Ex. 1 at 4. In rejecting

Petitioner's consent argument, the court stated that Minnesota courts have consistently held that

Minnesota's implied consent law is not coerced consent. While the Court makes no findings as to

whether it agrees or disagrees with the Minnesota courts' interpretation of *McNeely*, the Court

concludes that there was not an "unconscionable breakdown" in Minnesota's judicial system such

that Petitioner was not given a full and fair opportunity to present his Fourth Amendment claim.

Petitioner clearly disagrees with the outcome of the state court proceedings, but he cannot

re-litigate his Fourth Amendment claim on the merits in a federal habeas corpus action. He also

cannot show an "unconscionable breakdown" in the state court procedures simply by arguing that

the state courts allegedly erred in their decisions. Again, a "mere disagreement with the outcome of

a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective

process." *Chavez*, 497 F.3d at 802.

Therefore, because Petitioner received a full and fair opportunity to present his Fourth

Amendment claim in the Minnesota state courts, federal habeas review of that claim is barred by

*Stone v. Powell*.

**B.      Judge Diane Alshouse, Minnesota Attorney General Lori Swanson, and Mona Ross are not proper respondents**

Even if Petitioner's claims were not barred by *Stone v. Powell*, Respondents Alshouse,

Swanson, and Ross should be dismissed as they are not proper parties to the petition. Petitioner

originally named only Mona Ross, Ramsey County Suburban Criminal Division Supervisor, as the

Respondent in his petition. *See* ECF No. 1. On March 6, 2015, Petitioner amended his petition to

add, among others, Ramsey County District Court Judge Diane R. Alshouse and Minnesota Attorney General Lori Swanson as respondents. According to Petitioner, this was done to "ensure that the proper named Respondent is captioned in this proceeding." ECF No. 21 at 3.

Although Petitioner is on probation and not currently incarcerated, the Eighth Circuit has held that one's probation status does not deprive a federal court of jurisdiction over a habeas petition because a person on probation is still "in custody." *See Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994) (citing 28 U.S.C. § 2254(a); *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963)). However, Rule 2(a) of the Rules Governing § 2254 Cases states that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The Advisory Committee Notes set out various custodial situations, and outlines who should be named as a respondent in each situation. With regards to when a petitioner is on probation, the notes state:

> (2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.

R. Gov. § 2254 Cases 2 advisory committee's notes. By the plain language of the Rule, it is clear that the proper respondent in a § 2254 habeas petition is either the probation officer and/or the person in charge of the probation agency. Judge Alshouse and Attorney General Swanson are neither probation officers nor the persons in charge of the probation agency. As such, Judge Alshouse and Minnesota Attorney General Swanson are not proper respondents in this case and should be dismissed.

With regards to Ross, Petitioner has not alleged in his petition or supporting memoranda that Ross is either his probation officer or the person in charge of the probation agency. Indeed,

Petitioner amended his petition following the filing of Ross's motion to "ensure that the proper named Respondent is captioned in this proceeding." ECF No. 21 at 3. Additionally, Ross stated in her memorandum that she simply "oversees the administrative personnel at the courthouse" and has "no authority over any Defendants or prisoners." ECF No. 15 at 6. It is therefore clear to the Court that Ross is not a proper respondent in this action and the petition against Ross must be dismissed.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

A.    Respondent Mona Ross's motion to dismiss (ECF No. 12) be **GRANTED**;

B.    Respondents Diane Alshouse and Lori Swanson's motion to dismiss (ECF No. 25) be **GRANTED**;

C.    This matter be **DISMISSED WITH PREJUDICE**.[1]


DATED: July 17, 2015                         *s/Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge



Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 3, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

---

[1]

> While Respondents Carol Roberts and Andy Erickson have not responded to the Petition, the Court recommends that they should additionally be dismissed from this action given that Petitioner's claim is barred by *Stone v. Powell*.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.